YATES, Presiding Judge,
dissenting.
Because I would affirm the judgment entered on the jury’s verdict in this case, I must respectfully dissent.
The personal guaranty agreements signed by the Russells and Wambles provide:
“The Undersigned hereby grants to Lender full power, in its uncontrolled discretion and without notice to the undersigned, but subject to the provisions of any agreement between the Debtor or any other party and Lender at the time in force, to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:
“(a) To modify or otherwise change any terms of all or any part of the Liabilities or the rate of interest thereon (but not to increase the principal amount of the note of the Debtor to the Lender), to grant any extension or renewal thereof and any other indulgence with respect thereto, and to effect any release, compromise or settlement with respect thereto.”
The principal amount of the promissory note for which the Russells guaranteed payment was $111,000. The balance owed on that promissory note at the time the assumption-of-liability agreement was executed by Grantham, Rice, and Wambles was $93,190.40. Wambles executed a personal guaranty agreement for that amount.
Grantham and Elba Cash and Carry, Inc., borrowed $425,000 from Covington County Bank. The SBA agreed to subordinate the first mortgage executed by the Russells to the mortgage executed by Grantham, on behalf of himself and as president of Elba Cash and Carry, Inc. I believe that the principal amount for which the Russells and Wambles were responsible, pursuant to their guaranty agreements, substantially increased in violation of the language contained in the personal guaranty agreements.